

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2010

# USA v. Michael McKinnon

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

## Recommended Citation

"USA v. Michael McKinnon" (2010). *2010 Decisions.* Paper 1118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3372
_____

UNITED STATES OF AMERICA

v.

MICHAEL McKINNON,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00251-005)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 21, 2010

Before: FUENTES, HARDIMAN and NYGAARD, Circuit Judges.

(Opinion Filed: June 28, 2010)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Michael McKinnon appeals from the District Court's ruling denying his motion for

-1-

a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  For the following reasons, we affirm the District Court's judgment.[1]

## I.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issue on appeal.

A jury convicted McKinnon of distributing and possessing with intent to distribute cocaine base, cocaine powder, and marijuana; conspiracy to commit money laundering; and possessing firearms in furtherance of drug trafficking.  McKinnon's offense level was 43 and his criminal history category was V, resulting in a guideline range that included life imprisonment.  McKinnon made no factual objections to the PSR.  The District Court sentenced McKinnon to 480 months imprisonment, including: 396 months for the substantive drug offense, to be served concurrent to 240 months for the conspiracy, and 84 months for the firearms violation, to be served consecutively.

Based on the United States Sentencing Commission's retroactive crack cocaine amendment, McKinnon filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  The District Court denied McKinnon's motion, issuing an order stating:

> Initially, the defendant was facing a guideline range of life

---

[1] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291.  While we review a district court's interpretation of the Sentencing Guidelines de novo, we review the court's ultimate sentencing determination for abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 (2009).

imprisonment. The court imposed a sentence outside the guidelines to meet sentencing goals but no greater than necessary. A forty year total term of imprisonment was the objective of the court. Since there was a mandatory 7 year consecutive sentence [on the firearms count], this court imposed a 33 year term on [the substantive drug offense], a 20 year concurrent term on the [conspiracy count], & a 7 year consecutive term on [the firearms count] for a total term of 480 months. This variance reflected the concern raised by the defendant at sentencing. No further reduction is warranted.

(App. 3)[2]

### III.

McKinnon contends that the District Court erroneously treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory in violation of *United States v. Booker*, which held that treating the Guidelines as conclusively binding violated a defendant's Sixth Amendment right to trial by jury. 543 U.S. 220, 244 (2005). Recognizing that our precedent in *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009) clearly forestalled this argument, McKinnon

---

[2] The Government contends that we need not reach McKinnon's constitutional issue because "there is no reason to believe the district court denied [McKinnon's] sentence reduction in mandatory reliance on section 1B1.10(b)(2)(B)." Appellee's Br. at 23. The U.S. Probation Office recommended that U.S.S.G. § 1B1.10(b)(2)(B) counseled against application of Amendment 706 since McKinnon's sentence constituted a non-guideline sentence pursuant to § 3553(a) and *Booker*. *See* Addendum on Defendant Requesting Sentence Reduction, at 3 (July 15, 2009). Although it did not explicitly state that it treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory, the language used by the District Court to deny McKinnon's motion mirrors the Policy Statement's language. Therefore, for the purposes of disposing of McKinnon's appeal only and absent any indication to the contrary, we assume that the District Court treated U.S.S.G. § 1B1.10(b)(2)(B) as mandatory.

nonetheless preserved this issue for appeal in light of the Supreme Court's grant of certiorari in *Dillon*. We held the case C.A.V. pending the Supreme Court's resolution of that case.

Recently, the Supreme Court affirmed our ruling in *Dillon*, holding that *Booker*, "which rendered the Guidelines advisory to remedy the Sixth Amendment problems associated with a mandatory sentencing regime, [does not] require[] treating § 1B1.10(b) as nonbinding." *Dillon v. United States*, — S. Ct. —, 2010 WL 2400109, *2 (2010). Specifically, the Court ruled that a sentence modification pursuant to § 3582(c)(2) was not "constitutionally compelled" and merely represented a "congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at *7. In turn, the Supreme Court rejected Dillon's characterization of a § 3582(c)(2) proceeding as a "resentencing." *Id.* at *5. In light of *Dillon*, it is clear that the District Court did not err by treating U.S.S.G. § 1B1.10(b)(2)(B) as mandatory when it denied McKinnon's motion for a sentence reduction.

## IV.

For the foregoing reasons, we affirm the judgment of the District Court.